UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 7 |
| | ) |
| | ) CASE NO. 17-68744-PWB |
| LYNDON-MICHAEL EDWARD GORDON, | ) |
| | ) |
| Debtor. | ) |
| | ) |
| S. GREGORY HAYS, Chapter 7 Trustee for the Estate of Lyndon-Michael Edward Gordon, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) ADVERSARY PROCEEDING |
| | ) NO. _____ |
| JOHN M. GORDON and YADIRA Y. GORDON, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**COMPLAINT**

COMES NOW S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate of Lyndon-Michael Edward Gordon, and files this Complaint against John M. Gordon ("**Mr. Gordon**") and Yadira Y. Gordon ("**Mrs. Gordon**" and with Mr. Gordon, the "**Defendants**"), respectfully showing the Court as follows:

**Jurisdiction and Venue**

1.       This adversary proceeding is initiated under Rule 7001 of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. §§ 547, 550, and 551.

2.       The claims asserted in this adversary proceeding arise in and relate to the Chapter 7 bankruptcy case styled as *In re Lyndon-Michael Edward Gordon* Case No. 17-68744-PWB (the

12781214v1

"**Case**"), pending in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division.

3.       This adversary proceeding constitutes a core proceeding under 28 U.S.C. § 157(b)(2).

4.       This Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334.

5.       Venue of this adversary proceeding is proper in this Court under 28 U.S.C. § 1409.

6.       The Defendants are Debtor's parents.

7.       The Defendants are subject to the jurisdiction of this Court.

8.       Trustee consents to the entry of final orders or judgments by the Bankruptcy Court pursuant to Bankruptcy Rule 7008 of the Federal Rules of Bankruptcy Procedure.

**Statement of Facts**

*a. General Background*

9.       On October 27, 2017 (the "**Petition Date**"), Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, initiating the Case.

10.       On or about the Petition Date, Trustee was appointed to the Case as interim Chapter 7 trustee under 11 U.S.C. § 701(a)(1).

11.       Trustee held and concluded the meeting of creditors on November 28, 2017, pursuant to 11 U.S.C. § 341(a), after which time Trustee became the permanent Chapter 7 trustee, under 11 U.S.C. § 702(d).

12.       At the commencement of the Case, a bankruptcy estate (the "**Bankruptcy Estate**") was created under 11 U.S.C. § 541(a), and it includes all Debtor's legal or equitable

12781214v1

interests in property as of the commencement of the Case and any interest in property that the

Bankruptcy Estate acquires after commencement of the Case.

13. Trustee is the sole representative of the Bankruptcy Estate.

### b. The Property

14. On his *Schedule A – Real Property* [Doc. No. 1 at page 15 of 70], Debtor

scheduled his sole ownership interest in that certain real property with a common address of

1527 Pangborn Station Drive, Decatur, Georgia 30033 (the "**Property**").

15. On the Petition Date, the Property was property of the Bankruptcy Estate.

16. On his amended *Schedule C: Property Claimed as Exempt*, filed on June 19, 2018

[Doc. No. 28 at pages 9 of 13], Debtor scheduled an exemption in the Property of $21,500.00

under O.C.G.A. § 44-13-100(a)(1).

17. The Property is located in DeKalb County, Georgia.

18. The Property is not located in Cobb County, Georgia.

### c. Alleged Liens, Interests, and Encumbrances against the Property

19. On his *Schedule D: Creditors Holding Secured Claims* [Doc. No. 1 at pages 23-

24 of 70], Debtor scheduled two claims in or against the Property: (i) a "mortgage" in the amount

of $249,867.00 in favor of Wells Fargo Home Mortgage ("**Wells Fargo**"), and (ii) a "second

mortgage" in the amount of $25,000.00 in favor of the Defendants.

20. With respect to the scheduled second priority mortgage of the Defendants, on or

about August 16, 2016, Debtor signed a *Deed to Secure Debt and Security Agreement* (the

"**Gordon Deed**") granting a security interest in the Property to the Defendants to secure the

repayment of a debt owed by Debtor to the Defendants in the original principal amount of

$25,000.00.

12781214v1

21.     On August 18, 2016, the Defendants recorded, or caused the recording of, the Gordon Deed in the real property records of the Clerk of the Superior Court of Cobb County, State of Georgia at Deed Book 15366 beginning at page 3444.

22.     However, the Gordon Deed was not recorded in the real property records of the Clerk of the Superior Court of DeKalb County, State of Georgia until August 20, 2017, when it was recorded in Deed Book 26327 beginning at page 64 (the "**Transfer**").

### d. Trustee's Sale of the Property

23.     On July 10, 2018, Trustee filed *Trustee's Motion for Authority to (I) Sell Real Property of the Estate Free and Clear of Liens, Interests, and Encumbrances and (II) Disburse Certain Proceeds at Closing* [Doc. No. 31] (the "**Sale Motion**"), seeking an order from the Court authorizing Trustee to, among other things, sell (the "**Sale**") the Property for a sale price of $350,000.00 (the "**Sale Price**") and to make certain distributions from the resulting Sale proceeds.

24.     On August 2, 2018, the Court entered an order [Doc. No. 38], authorizing Trustee to, among other things, close the Sale proposed in the Sale Motion and make certain distributions from the Sale proceeds.

25.     On August 3, 2018, Trustee closed the Sale of the Property for the Sale Price of $350,000.00, and the interest of the Defendants in the Property has attached to the Sale proceeds with the same validity, extent, and priority that it had in the Property.

26.     The Sale Price was the fair market value of the Property.

27.     The Sale resulted in $45,537.54 of proceeds, after payment of various costs and expenses, including the first priority security interest of Wells Fargo and Debtor's claimed exemption in the Property.

12781214v1

28.     On his bankruptcy disclosure forms, Debtor scheduled total non-priority, general unsecured claims of $71,027.00.

29.     During the course of this proceeding, Trustee may learn (through discovery or otherwise) of additional transfers made to Defendants during the four years prior to the Petition Date or after the Petition Date, or during any applicable period under the Bankruptcy Code or other applicable law. It is Trustee's intention to avoid and recover, under federal and state law, all transfers of any interest of Debtor in property made to or for the benefit of the Defendants or any other transferee, including but not limited to preferential, fraudulent, and unauthorized post-petition transfers.  Trustee reserves the right to amend this Complaint to include: (i) further information regarding the Transfer, (ii) additional transfers, (iii) modifications of and/or revision to Defendants' names, and/or (iv) additional defendants that may become known to Trustee at any time during this adversary proceeding, through formal discovery or otherwise, and for all such amendments to relate back to the date of filing of this original Complaint.

**COUNT I.**
**AVOIDANCE OF THE TRANSFER PURSUANT TO**
**SECTION 547 OF THE BANKRUPTCY CODE**

30.     Trustee hereby re-alleges and incorporates paragraphs 1-29 of his Complaint as if the same were set forth in this paragraph verbatim.

31.     The Transfer was an interest of Debtor in property.

32.     The Transfer was made to or for the benefit of the Defendants.

33.     The Transfer was made on account of an antecedent debt (the "**Debt**") owed by Debtor to the Defendants before the Transfer was made.

34.     The Transfer was made while Debtor was insolvent.

35.     The Transfer was made within 90 days of the Petition Date.

12781214v1

36.     The Transfer enabled the Defendants to receive more than the Defendants would have received if: (i) the Case was a case under Chapter 7 of the Bankruptcy Code, (ii) the Transfer had not been made, and (iii) the Defendants received payment of the Debt to the extent provided by the provisions of the Bankruptcy Code.

37.     Trustee may avoid the Transfer under 11 U.S.C. § 547.

## COUNT II.
### RECOVERY OF AVOIDED TRANSFER
### PURSUANT TO SECTION 550 OF THE BANKRUPTCY CODE

38.     Trustee hereby re-alleges and incorporates paragraphs 1-37 of his Complaint as if the same were set forth in this paragraph verbatim.

39.     The Defendants were the initial transferees of the Transfer and/or the persons for whose benefit the Transfer was made.

40.     Trustee is entitled to recover the avoided Transfer from the Defendants under 11 U.S.C. § 550(a).

## COUNT III.
### PRESERVATION OF THE AVOIDED TRANSFER
### PURSUANT TO SECTION 551 OF THE BANKRUPTCY CODE

41.     Trustee hereby re-alleges and incorporates paragraphs 1-40 of his Complaint as if the same were set forth in this paragraph verbatim.

42.     The avoided Transfer is preserved automatically for the benefit of the Bankruptcy Estate under 11 U.S.C. § 551.

### RESERVATION OF RIGHTS

43.     Trustee reserves the right to amend this Complaint to add additional parties, to add additional transfers, and to assert additional claims, including but not limited to any and all claims arising under Title 11 of the United States Code or applicable law.

12781214v1

WHEREFORE, Trustee prays that this Court enter a judgment in favor of Trustee and against the Defendants:

a)      Avoiding the Transfer under 11 U.S.C. § 547;

b)      Authorizing Trustee to recover the avoided Transfer under 11 U.S.C. § 550;

c)      Preserving the avoided Transfer under 11 U.S.C. § 551; and

d)      granting Trustee such other and further relief as is just and proper.

Respectfully submitted this 29th day of October, 2018.

ARNALL GOLDEN GREGORY, LLP
*Attorneys for Trustee*

By:*/s/ Michael J. Bargar*
    Michael J. Bargar
    Georgia Bar No. 645709
    michael.bargar@agg.com

171 17th Street, NW, Suite 2100
Atlanta, GA 30363-1031
Tele: (404) 873-7030 / Fax: (404) 873-7031

12781214v1